IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 11-20059-KHV-01 |
| DAVID R. FULLER, ) | |
| a/k/a DOC FULLER, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**ORDER**

On January 18, 2011, a grand jury charged defendant with three counts of willful failure to pay child support in violation of the Child Support Recovery Act, 18 U.S.C. § 228(a)(3). Superseding Indictment (Doc. #20). On March 2, 2012, a jury found defendant guilty on all three counts. This matter comes before the Court on defendant's oral motion for judgment of acquittal at the close of the government's case and at the close of all the evidence.[1] For reasons set forth below, the Court finds that the motions should be overruled.

**Standards For Motions For Judgment Of Acquittal**

In considering a motion for judgment of acquittal pursuant to Rule 29, Fed. R. Crim. P., the Court cannot weigh the evidence or consider the credibility of witnesses. See Burks v. United States, 437 U.S. 1, 16 (1978). Rather, the Court must view the evidence in the light most favorable to the government and determine whether the record contains sufficient evidence from which a jury might properly find defendant guilty beyond a reasonable doubt. United States v. White, 673 F.2d 299, 301 (10th Cir. 1982) (standard reflects "deep respect" for the fact-finding function of jury).

---

[1] At trial, the Court took both motions under advisement.

The jury may base its verdict on both direct and circumstantial evidence, together with all reasonable inferences that can be drawn therefrom. Id. Acquittal is proper only if the evidence implicating defendant is nonexistent or is so meager that no reasonable jury could find guilt beyond a reasonable doubt. Id.; see United States v. Brown, 995 F.2d 1493, 1502 (10th Cir.) (evidence supporting conviction must be substantial and must raise more than mere suspicion of guilt), cert. denied, 510 U.S. 935 (1993), overruled on other grounds by United States v. Prentiss, 256 F.3d 971 (10th Cir. 2001).

**Factual Background**

The following is a very brief summary of the evidence presented at trial.

Defendant remarried Delores Hultz on April 1, 1983.[2] They had three children, born in 1985, 1988 and 1991. The family lived in Kansas until Delores filed a petition for divorce. On February 25, 1994, the District Court in Franklin County, Kansas issued a final decree of divorce and ordered defendant to pay child support in the amount of $347 per month through the Clerk of Court.

As of June 30, 2009, defendant had not made a single payment to the Court or to the Kansas Payment Center – the agency which handles child support payments in Kansas. Defendant received at least some of the notices which Kansas officials sent him in an attempt to collect past-due child support. Defendant currently owes $54,478.36 in unpaid child support.

During the past 17 years, defendant has lived in Kansas City, Missouri. His only earnings

---

[2]    Defendant first married Delores in 1979, but they later divorced.

have come from playing music at various venues in and around Kansas City[3] and from a brief part-time job delivering flowers. The government presented evidence that defendant earned a total of approximately $10,000 during the past 17 years. During this time defendant did not pursue other available jobs for which he was qualified.

Delores has remarried and her name is now Delores Jones. From 1994 to 1999, defendant sometimes gave her money for the children's birthdays or other occasions. Delores does not recall that defendant paid her any child support, either directly or through the Court or any state agency.

Defendant testified that from 1994 through some time in 1999, he paid child support directly to Delores by cash or check. He testified that in 1999, he received a letter from Kansas officials which he interpreted to mean that he had no right to see his children and that he was no longer obligated to support them.[4]

## **Analysis**

To prevail under 18 U.S.C. § 228 (a)(3), the government must prove the following elements: (1) defendant failed to pay a court-ordered support obligation, (2) the support obligation was for defendant's child who resided in another state, (3) defendant willfully failed to pay the support obligation and (4) the support obligation remained unpaid for longer than two years or was greater than $10,000. Defendant contends that the government presented insufficient evidence to establish the third element – willfulness.

---

[3]   Defendant often performed at venues which paid him in cash.

[4]   Defendant testified that his belief was reinforced when he called Delores one day and she told him that she had a new life that didn't include him, and that she did not want him to call anymore. Defendant testified that he received special education as a child, and that he has difficulty reading and understanding financial documents.

Defendant first contends that to establish willfulness, the government must prove that he had sufficient disposable income to pay at least some of his past due support obligation. Defendant asserts that the government's evidence that he earned only $10,000 over 17 years did not establish that he had the ability to pay child support.

The statute provides that the existence of a support obligation "creates a rebuttable presumption that [defendant] has the ability to pay the support obligation." 18 U.S.C. § 228(b). Defendant's inability to pay any amount past due, however, provides a defense to liability under the Act. United States v. Mattice, 186 F.3d 219, 228-29 (2d Cir. 1999). Thus, to rebut the presumption that he was able to pay, defendant may present evidence that after meeting his basic subsistence needs, his income was not sufficient to pay any portion of the support obligation. Id.; United States v. Kukafka, 478 F.3d 531, 539 (3d Cir. 2007). The fact-finder then must weigh the evidence in the record as a whole and determine whether the government established, beyond a reasonable doubt, that defendant willfully failed to pay any amount past due under the state court order. See Mattice, 186 at 228-29.

Here, the Court agrees that the government's evidence – that defendant earned an average of less than $600 per year – failed to demonstrate that defendant's income was sufficient to pay child support. The term "willfully" in Section 228(a), however, can be read in one of two ways; "having the money and refusing to use it for child support; or, not having the money because one has failed to avail oneself of the available means of obtaining it." United States v. Ballek, 170 F. 3d 871, 873 (9th Cir. 1999).[5] At least four circuits have indicated that the term "willfully" extends to the

---

[5] As the Ninth Circuit explained,

(continued...)

situation where defendant was purposefully unemployed or underemployed. See United States v. Edelkind, 525 F.3d 388, 398 (5th Cir. 2008) (upholding guilty verdict where defendant more than capable of accepting gainful employment); United States v. Smith, 278 F.3d 33, 39 (1st Cir. 2002) (court instructed jury that government may establish willfulness by showing that defendant voluntarily took himself out of workforce or reduced ability to earn income); United States v. Ballek, 170 F. 3d at 873-74 (Congress enacted law to assist state court in enforcing child support decrees and such decrees are based on ability to pay); United States v. Williams, 121 F.3d 615, 620-21 (11th Cir. 1997) (defendant acted willfully when inability to pay was result of efforts to avoid support obligations).

Here, the evidence supports a jury finding that defendant voluntarily chose to earn a minimal amount of money while working part-time playing music even though he could have earned substantially more. Viewed in the light most favorable to the government, the jury could reasonably find that defendant willfully failed to pay child support obligations, as charged in the indictment.

---

[5](...continued)
>It is just as much a violation of the [Child Support Recovery Act] for a non-custodial parent to fail to pay child support where his refusal to work is motivated by sloth, a change of life-styles or pursuit of new career objectives. For most people, bringing children into the world does limit life choices by imposing certain long-term financial obligations. A parent with minor children at home cannot quit work and become a hobo or go back to school as the fancy moves him. Nor may a non-custodial parent stop making child support payments because he has decided to pursue a post-doctoral degree in macrobiotics. A parent who is subject to an order for child support must seek a modification of the order before making such a lifestyle change. The family court judge can then determine whether such a change is consistent with the parent's prior obligation to support the children. Where a parent does not seek such a modification, but chooses (for whatever reason) to eschew work that is otherwise available, he is subject to imprisonment for failure to pay, both under state law and under the CSRA.

Ballek, 170 F.3d at 875.

See United States v. Satterly, 36 F. Supp.2d 71, 80-81 (D. Conn. 1998) (although defendant was not "poster child" for "deadbeat dads," he could have paid at least some of his child support obligations if he had worked low-paying jobs rather than pursuing entrepreneurial dreams).

Defendant also points out that he testified that he had a good faith belief that after 1999 he was not required to pay child support. See Mattice, 186 F.3d at 226 (courts have interpreted willful failure standard of Section 228 to require that defendant was aware that he was violating court order imposing support obligation). Here, however, the jury could reasonably find that defendant's testimony was not credible. Viewing all reasonable inferences from the direct and circumstantial evidence in a light most favorable to the government, a reasonable jury could find defendant guilty.

**IT IS THEREFORE ORDERED** that defendant's oral motion for judgment of acquittal at the close of the government's case and his oral motion for judgment of acquittal at the close of all the evidence be and hereby are **OVERRULED**.

Dated this 14th day of May, 2012 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge